## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **EVELYN CAMPBELL, individually and on behalf of all similarly situated individuals,** | *<br>*<br>* |
| **Plaintiff,** | *<br>* |
| v. | *    **CASE NO.: CV-14-00524**<br>* |
| **DYNAMIC RECOVERY SOLUTIONS, LLC**, | *<br>*<br>* |
| **Defendant.** | * |

## COMPLAINT

**COMES NOW** the Plaintiff, Evelyn Campbell, (hereafter the "Plaintiff") by counsel, and as complaint against the above-named Defendant, Dynamic Recovery Solutions, LLC, ("DRS") alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### THE PARTIES

3. The Plaintiff is a natural person and resident citizen of Mobile, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Plaintiff is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

5.      Defendant, Dynamic Recovery Solutions, LLC, is a limited liability company with its principal place of business in Greenville, South Carolina. At all relevant times, DRS was engaged in business within the State of Alabama, including the collection of debts. DRS is regularly engaged in the practice of debt collection.

6.      DRS collects debts on behalf of others as its primary business.

7.      The internet and interstate wire communications are used to conduct the business of DRS.

8.      DRS is a debt collector as defined in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

## SUMMARY

This is a class action for statutory damages, costs and attorney's fees multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of others similarly situated to recover damages resulting from Defendant's unlawful collections practices. The violating actions addressed in this Complaint include making communications in connection with the collection of a debt without providing the required disclosures and attempting to collect a fraudulent debt. The unlawful communications include phone calls to Plaintiff without providing the required written disclosures identifying the debt and explaining the right to dispute the debt and request validation and Defendant's interactive website, which solicits payments and information from consumers but contains none of the required disclosures.

## FACTUAL ALLEGATIONS

9.      Ms Campbell lives in Mobile, Alabama. In 2009 she obtained a pay day loan with a lender called Magnumz, LLC, d/b/a the "Debt doctor" ("Magnumz"). Shortly after she took out

2

the loan, Plaintiff paid Magnumz what she believed to be all that was owed. However, she was subsequently contacted by a series of third party debt collectors seeking to collect additional sums allegedly owed on the Magnumz loan. The first collector insisted that she owed an additional balance on the loan and she paid that amount in order to avoid any further collection efforts. The collector confirmed the payment by letter stating that the debt had been paid in full. Ms Campbell assumed that was the end of the matter. To the contrary, it would prove only the beginning of a years-long parade of collectors calling regarding the debt which has resulted in multiple suits filed in this Court and settled. But the parade continues.

10.    Defendant began contacting Plaintiff by phone in mid-April 2014. Plaintiff explained that the debt was paid but the calls continued. No written disclosures were provided by Defendant prior to the communications with Plaintiff and none were provided within 5 days of the first call, as required by federal law.

11.    During its phone calls with Plaintiff, DRS invited her to make a payment through its webpage - http://dynamicrecovery.com. The website's homepage invites consumers who have been contacted by DRS to visit its "Consumer Page." The link leads to another page entitled the "Consumer Assistance Center." There a payment can be made online. There is also a tab for "Dispute Process." That tab directs the consumer to a form to be completed and submitted electronically. However, by submitting the form, the consumer agrees to provide "express written consent" to be contacted by DRS. Also, DRS states that "[b]y submitting the form below, you certify that you are being truthful and that all information provided is accurate."

12.`    The "Consumer Assistance Center" includes a statement that "Dynamic Recovery Solutions recognizes and supports your consumer rights." There is a link to "consumer rights" but it leads to a message stating that "This webpage is not available."

13. The "Consumer Assistance Center" also allows a consumer to request a "Confirmation Letter." That term implies that the consumer can request confirmation of the debt from RCS. But the website only allows for two types of "confirmation letter." One letter is entitled a "Payment in Full Letter" and the other letter is entitled a "Settlement Letter" and the consumer is asked to select between those two types of letters. This suggests that the consumer must either agree to pay in full or settle the debt before any "confirmation" is provided.

14. Nowhere on the website are there any disclosures regarding a consumer's actual rights. And nowhere do the disclosures required by the FDCPA appear. Specifically, nowhere on the web site does DRS disclose the fact that it is a debt collector and that the information that it is soliciting from the consumer is to be used for purposes of the debt collection. At no point in the interactive mechanisms of the web site is there any accurate explanation of the consumer's right to dispute the debt and request validation. Not only are these disclosures omitted, the information that is provided runs counter to the process required under the FDCPA. While the FDCPA allows a consumer to request not to be contacted by phone and requires a collector to cease collections efforts if validation is requested, DRS' website allows for a dispute but only on the condition that the consumer consent to being contacted by phone. The whole web site is designed to discourage any actual dispute and to facilitate payments. Although DRS states that it "supports" consumer rights, the link dedicated to that subject is inactive. Nowhere are the actual consumer rights explained or provided. Instead, the web site is designed to extract information from consumers without providing any of the required disclosures and obfuscates and misleads consumers with respect to their actual rights under the FDCPA.

15. The DRS website is a communication made in an attempt to collect a debt.

## COUNT ONE
## (FDCPA VIOLATIONS)

16. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

17. This is a claim asserted against DRS for violation of the FDCPA.

18. Defendant DRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

19. DRS has violated the FDCPA in connection with its attempts to collect the account against Plaintiff. DRS's violations include, but are not limited to, the following:

    A. Attempting to collect a debt without notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

    B. Placement of telephone calls without meaningful disclosure of caller's identity in violation of 15 U.S.C. § 1692d(6); and

    C. Used the misrepresentations in its website "in connection" with collecting a debt from plaintiff by inviting her to view the website in violation of 15 U.S.C. 1692e(10).

20. As a result of its violations of the FDCPA, DRS is liable to Plaintiff for statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant DRS for the following:

    a. Statutory damages pursuant to 15 U.S.C. 1692k;

    b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    c. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (CLASS ACTION ALLEGATIONS)

21. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

22. Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

23. Plaintiff brings this action on behalf of herself and all members of the class composed of persons who have been subjected to collection activity by DRS that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some or all of the relief requested herein.

24. Specifically the class is defined as follows:

    a. All consumers residing in the state of Alabama;

    b. Who were contacted by telephone by DRS in connection with the collection of a debt and to whom DRS did not make the disclosures required by 15 U.S.C. § 1692g(a), 15 U.S.C. § 1692d(6), and 15 U.S.C. 1692e(10).

    d. During a time period beginning 12 months prior to the filing of the complaint herein though the date of class certification;

25. The class is so numerous, that joinder of all members is impractical. Furthermore, there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that her claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity, she will fairly

and adequately protect the interest of the class.

26. Each class member has, or has been subjected to collection activity in violation of the FDCPA.

27. Names and addresses of class members are presently unknown to Plaintiff, but can be readily ascertained from the Defendant's business records.

28. Common or similar issues of law and fact predominate over individual issues.

29. Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

30. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

31. The named representative's claims are typical and representative of the class.

32. It is and was the practice of DRS to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated pray as follows:

a. That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class.

b. That this court award Plaintiff and the members of the class statutory damages for all losses incurred by them.

c. That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

Respectfully Submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.  (UNDEE6591)
Kenneth J. Riemer (RIEMK8712)
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, AL 36532
Telephone: 251-990-5558
Email: epunderwood@alalaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.**

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.  (UNDEE6591)

**DEFENDANT WILL BE SERVED BY CERTIFIED MAIL AT:**

| DYNAMIC RECOVERY SOLUTIONS, LLC |
| --- |
| 135 Interstate Blvd., Suite 6<br>Greenville SC 29615 |