IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVELYN CAMPBELL, individually, and on behalf of all similarly situated individuals, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DYNAMIC RECOVERY SOLUTIONS, LLC, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 14-00524-KD-B |

## ORDER

This action is before the Court on the unopposed motion to dismiss class allegations filed by Plaintiff Evelyn Campbell (doc. 16). Plaintiff moves the Court pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to dismiss without prejudice the class allegations set out in Count II of plaintiff's Complaint.

The Eleventh Circuit Court of Appeals has explained that when a plaintiff seeks to dismiss a claim or multiple claims but not the cause of action against a defendant or defendants, the proper procedure is through a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). *See Campbell v. Altec Industries, Inc.,* 605 F. 3d 839, 841 (11th Cir. 2010) ("Our circuit precedent dictates that Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (quoting *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1106 (11th Cir.2004) (quoting 8 Moore's Federal Practice § 41.21[2], at 41-32)) (internal quotation

marks omitted).[1]  Accordingly, the motion to dismiss without prejudice is DENIED.

If Plaintiff no longer intends to pursue the class allegations, she is directed to file a motion for leave to amend her complaint pursuant to Rule 15(a)(2) to eliminate that claim and if possible, obtain the Defendant's written consent.[2]

DONE and ORDERED this 15th day of April 2015.


      s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1]  "Unless the plaintiff's motion or the district court's order stipulates otherwise, a claim dropped through a Rule 15 amendment  - or, for that matter, an action dropped pursuant to Rule 41(a) – is dismissed without prejudice." *Campbell*, 605 F. 3d at 841 n.1 (quoting *Klay*, 376 F. 3d at 1106).

[2]  Rule 15(a)(2) provides that at this procedural posture, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires."